**MANDATE**

17-139
*Cybercreek Entertainment LLC v. U.S. Underwriters Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:
    BARRINGTON D. PARKER,
    GERARD E. LYNCH,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

CYBERCREEK ENTERTAINMENT, LLC,

    *Plaintiff-Appellant*,

    v.                                                         No. 17-139

U.S. UNDERWRITERS INSURANCE COMPANY,

    *Defendant-Appellee.*[*]
_____

FOR APPELLANT:                   Jeremy A. Colby, Webster Szanyi LLP, Buffalo, NY.

FOR APPELLEE:                   Jonathan Schapp, Goldberg Segalla LLP, Buffalo, NY.

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

**MANDATE ISSUED ON 9/21/2017**

Appeal from judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2016 judgment of the District Court is **AFFIRMED**.

Cybercreek Entertainment, LLC ("Cybercreek") filed this action seeking damages stemming from U.S. Underwriters Insurance Co.'s ("Underwriters") cancellation of the insurance policy it issued to Cybercreek. The District Court dismissed Cybercreek's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On appeal, Cybercreek argues that, in doing so, the District Court erred by considering facts outside the complaint and by refusing to grant Cybercreek leave to amend its complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Cybercreek first argues that the District Court relied on facts outside the complaint when it noted in its opinion that Underwriters was an excess-line broker and, on that basis, concluded that Underwriters was not subject to New York Insurance Law. It is true that in considering a motion to dismiss, a district court may consider only the facts alleged in the complaint, documents incorporated by reference, and facts judicially noticed. *See New York Pet Welfare Ass'n, Inc. v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017). It is also true that Cybercreek's complaint did not allege that Underwriters is an excess-line broker. But the District Court's dismissal was not based on Underwriters' status in relation to New York Insurance Law. In its complaint, Cybercreek neither purports to plead a claim under New York Insurance Law nor does it suggest that Underwriters had obligations under that law. It instead pleads a breach of the parties' insurance contract. The District Court properly ruled that the parties' insurance contract was incorporated by reference into the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153–54 (2d Cir. 2002). It then held that the complaint failed to state a claim because of the unambiguous cancellation provisions in that contract. The District Court mentioned New York Insurance Law only to clarify that any

theoretical claim based on that law would also be futile. Indeed, Cybercreek does not now maintain that Underwriters would be bound by New York Insurance Law nor does it seek leave to amend to add a claim based on that law. The District Court's reference to Underwriters as an excess-line broker does not, therefore, constitute a basis for vacatur or reversal.

Cybercreek also argues that the District Court erred in concluding that amending the complaint to include a claim of unconscionability would be futile. Reviewing the District Court's futility finding *de novo* and its decision to dismiss with prejudice for abuse of discretion, *see Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015), we find no error. As an initial matter, Cybercreek never sought leave to amend from the District Court, and instead contends only that its arguments before the District Court constituted "at least an implicit request for leave to amend." Appellant Br. 13–14. Cybercreek's failure to request leave to amend alone supports the District Court's dismissal with prejudice. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) ("[Plaintiffs'] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous."). What is more, Cybercreek does not challenge the substance of the District Court's futility determination: it still has not identified any additional facts that it could plead in support of a claim for unconscionability or any other cause of action. Because Cybercreek "has not explained how it could amend the complaint to . . . survive a motion to dismiss," *F5 Capital v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017), we see no basis to disturb the District Court's conclusion that amendment would be futile.

* * *

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3